951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernest MARTEL, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; State Farm
Fire and Casualty Insurance Company, Defendants-Appellees.
 No. 91-55311.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1991.
Decided Dec. 20, 1991.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges, and McKIBBEN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The undisputed facts show that Martel was struck by a 1978 Oldsmobile Omega. Furthermore, Martel concedes that the Omega was insured by Farmer's, not defendant State Farm. State Farm policy number S401 859-55B, which is limited by its terms to a 1978 Buick Skylark, does not apply to the Omega, and the Omega does not fall within any of the policy extensions for other cars.
 
 
 4
 Perhaps recognizing the difficulty of proceeding against State Farm under the policy, Martel unsuccessfully attempts to rely on the California Vehicle Code. But section 11103 requires only that driving school owners maintain insurance for their vehicles. Nowhere does the statute imply that all cars used by a driving school must be insured under one policy, or even by one company. State Farm undertook to insure only the Skylark, and its coverage complied with the requirements of section 11103; if the Omega was underinsured, that is not the responsibility of State Farm.
 
 
 5
 The certificate filed by State Farm with the California Department of Motor Vehicles did not create a duty to pay for this accident. The certificate only represented--truthfully--that, as to the Skylark insured by State Farm, the coverage requirements of California law were met. For the same reason, the representation in the policy that it complied with the financial responsibility law is relevant only for the vehicle insured by the policy itself. Finally, the declaration page does indeed list the policy as commercial: The Skylark was used for commercial purposes. But by insuring it State Farm did not undertake to insure all commercial vehicles the driving school might operate.
 
 
 6
 Because we have determined that State Farm is not liable as a matter of law for the accident involving the Omega, we need not consider Martel's contention that the district court erred in admitting hearsay. Any error is perforce harmless.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Howard D. McKibben, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3